# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL A. BOWDEN, | 1:09-cv-01844-LJO-SMS (HC) |
|       Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| KEN CLARK, | [Doc. 1] |
|       Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the Custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Orange, following his conviction by jury trial on March 25, 1987, of murder in violation of California Penal Code section 187. (Petition, at 2.) Petitioner was sentenced to serve an indeterminate term of fifteen years to life in state prison with the possibility of parole. Id.

Petitioner filed the instant petition for writ of habeas corpus in this Court on October 21, 2009. Petitioner contends that he is being falsely imprisoned because the Department of Corrections has failed to release him on his maximum release date of November 14, 2000. (Petition, at 4.)

DISCUSSION

A. <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B. <u>Failure to State a Cognizable Claim</u>

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see <u>Lockyer</u>, 538 U.S. at 70-71; see <u>Williams</u>, 529 U.S. at 413.

A parole release determination is not subject to all the due process protections of an adversary proceeding. <u>Pedro v. Oregon Parole Board</u>, 825 F.2d 1396, 1398-99 (9th Cir. 1987); <u>see also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex</u>, 442 U.S. 1, 12 (1979) (explaining that due process is flexible and calls for procedural protections that particular situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." <u>Pedro</u>, 825 F.2d at 1399; <u>Jancsek v. Oregon Bd. of Parole</u>, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole board proceeding, an inmate is guaranteed the following process: 1) the inmate must receive advance written notice of a hearing,

1  Pedro, 825 F.2d at 1399; 2) the inmate must be afforded an "opportunity to be heard,"
2  Greenholtz, 442 U.S. at 16; and 3) if the inmate is denied parole, the inmate must be told why
3  "he falls short of qualifying for parole." Id. Petitioner does not dispute that he received these
4  procedural rights.

5        "In Superintendent, Mass. Correc. Inst. v. Hill, the Supreme Court held that 'revocation
6  of *good time* does not comport with 'the minimum requirements of procedural due process,'
7  unless the findings of the prison disciplinary board are supported by *some evidence* in the
8  record.' 472 U.S. 445, 454 (1985), *quoting* Wolff v. McDonnell, 418 U.S. 539, 558 (1974)."
9  Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006) (emphasis added).
10 The Ninth Circuit has held that this same standard also extends to parole determinations. Irons v.
11 Carey, 505 F.3d 846, 851 (9th Cir.2007), *quoting* Hill, 472 U.S. at 457 ("We have held that 'the
12 Supreme Court ha[s] clearly established that a parole board's decision deprives a prisoner of due
13 process with respect to this interest if the board's decision is not supported by 'some evidence in
14 the record,' or is 'otherwise arbitrary.'").

15       In this case, Petitioner argues that the Department of Corrections has failed to release him
16 on his maximum release date of November 14, 2000, and as a result he is being falsely
17 imprisoned. These claims are not cognizable on federal habeas, because Petitioner does not
18 contend that the decision of the parole board - that Petitioner poses an unreasonable risk of
19 danger to the public if released - was not supported by at least some evidence. In other words, he
20 makes no claim that the parole board failed to provide him with his minimum due process
21 protections. Therefore, the petition must be dismissed for failure to state a claim.

22 RECOMMENDATION

23       Based on the foregoing, it is HEREBY RECOMMENDED that:
24       1.      The instant petition for writ of habeas corpus be DISMISSED; and,
25       2.      The Clerk of Court be directed to terminate this action in its entirety.
26       This Findings and Recommendation is submitted to the assigned United States District
27 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
28 the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 23, 2009**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE